IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **05-cv-1416-AP**

IN RE:

**TERRY A. SANOFF,**

    Debtor.

**CHILD DEVELOPMENT CENTER OF COLORADO SPRINGS, INC.**,

    Appellee,

v.

**TERRY A. SANOFF,**

    Appellant.

---

**ORDER**

---

Kane, J.

Pending in this appeal from a decision of the bankruptcy court is a motion by the appellant, Terry A. Sanoff, for enlargement of time to file opening brief. The filing of that motion on August 26, 2005 and the order of Magistrate Judge Schlatter to reassign this case to the AP docket caused me to examine the file and determine that summary reversal is required and the motion is therefore denied as moot.

The appeal asks for review of the bankruptcy court's denial of Terry A. Sanoff's Fed. R. Civ. P. 60(b) Motion For Relief. Review of a denial of a Rule 60(b) motion to vacate the judgment is required to be made under an abuse of discretion standard. Here, the

bankruptcy court on June 7, 2005 issued a "notice of nonjurisdiction" and denied the motion for lack of jurisdiction to consider the relief requested because the adversary proceeding was closed by the court on June 18, 2004.

Fed. R. Civ. P. 60(b) provides that a Rule 60(b) (1) motion such as filed in this case on the basis of mistake, inadvertence, surprise, or excusable neglect "shall be made within a reasonable time," but never "more than one year after the judgment, order or proceeding was entered or taken. See **White v. Am Airlines, *Inc.*,** 915 F.2d 1414, 1425 (10th Cir. 1990) (noting rule). Because the motion was filed less than one year after the judgment, order or proceeding was entered or taken, the action of the bankruptcy court constituted an exercise of discretion which is subject to review under the abuse of discretion standard. Unfortunately, the bankruptcy court failed to provide any rationale at all for its decision and it is thus impossible to review to determine if the action of the bankruptcy court was the product of reasoned decision making or an arbitrary or capricious abuse of discretion. See **Olenhouse v. Commodity Credit Corp.,** 42 F.3d 1560, 1575 (10th Cir. 1994) (Kane, J.) Therefore, this case is remanded to the bankruptcy court with directions to reconsider its order denying the Rule 60(b) motion and to provide grounds and reasons for its decision.

There is clear indication in the court's file and moving papers that the Defendant-Appellant was incarcerated in jail or in prison or in a halfway house from October 10, 2003 to the present. Accordingly, a thorough consideration of all pertinent facts is required rather than a perfunctory recitation of the mere passage of time in order to determine on a

rational basis whether the Rule 60(b) motion was filed within a reasonable time under the attendant circumstances.

Dated: August 31, 2005

BY THE COURT:

S/**John L. Kane**
SENIOR JUDGE,
UNITED STATES DISTRICT COURT